# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN E. YARTZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COALINGA STATE HOSPITAL, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-00006 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

　　　　Plaintiff Norman E. Yartz ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 5, 2015. He names Coalinga State Hospital, Psych. Tech. Luke Koll, and Psych. Tech. James Petterson as Defendants. Plaintiff consented to the jurisdiction of a magistrate judge on March 19, 2015.

**A.　　SCREENING REQUIREMENT**

　　　　The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009)

1

(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## B.     SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff is currently detained at Coalinga State Hospital where the events giving rise to this action took place. Plaintiff makes the following allegations against Defendants.

On July 7, 2014, he was attacked and physically assaulted by Defendants Koll and Petterson, who acted without probable cause, and without any emergency threat or danger to Plaintiff, patients, staff or security of the hospital. Plaintiff claims that Defendants entered his room without identifying themselves and came into his private bed area. Defendant Koll opened his privacy curtains and then grabbed Plaintiff's hand and forced his own body against Plaintiff's body. Defendant Koll, using both of his hands, violently forced Plaintiff's hand onto the bed. Plaintiff was shocked as no instructions had been given to him. Plaintiff reacted by attempting to protect himself as he was holding his TV remote by swinging his hand in a circular motion. Plaintiff states staff claimed he was trying to hit them. Defendant Petterson then grabbed Plaintiff's feet whereupon Plaintiff kicked out with his leg and allegedly hit Defendant Petterson in the groin area. Plaintiff states he was merely trying to protect himself from the unprovoked assault. Defendant Petterson then placed Plaintiff in an "illegal choke hold" by wrapping his arm around Plaintiff's neck and

2

physically placing pressure on his neck while Defendant Koll continued to twist his arm until Plaintiff released the remote control.

Plaintiff requests that his personal property be returned to him, including his television and remote control, media player and remote control, MP3 player music, movies and Nintendo D/S Lite games.

**C.     DISCUSSION**

1.     Excessive Force

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). As a civil detainee, Plaintiff is entitled to Fourteenth Amendment protections. See Seling v. Young, 531 U.S. 250, 265, 121 S.Ct. 727, 148 L.Ed.2d 734 (2001) ("[D]ue process requires that the conditions and duration of confinement under the [civil confinement act] bear some reasonable relation to the purpose for which persons are committed."); Jones v. Blanas, 393 F.3d 918, 933 (9th Cir.2004) ("Civil status means civil status, with all the Fourteenth Amendment rights that accompany it."). A civil detainee is entitled to "more considerate treatment" than his criminally detained counterparts. Jones, 393 F.3d at 932 (quoting Youngberg v. Romeo, 457 U.S. 307, 321-22, 102 S.Ct. 2452 (1982)).

In the context of detainees, the Fourteenth Amendment requires that they not be subject to conditions that amount to punishment. Bell, 441 U.S. at 536. "At a bare minimum . . . an individual detained under civil process - like an individual accused but not convicted of a crime - cannot be subject to conditions that "amount to punishment." Jones, 393 F.3d at 932 (quoting Bell, 441 U.S. at 536). Thus, "when a SVPA detainee is confined to conditions identical to, similar to, or more restrictive than, those in which his criminal counterparts are held, [the Court] presume[s] that the detainee is being subjected to punishment." Id. (quotations omitted).

A claim of excessive force by a detainee is analyzed under the objective reasonableness standard. See Gibson v. County of Washoe, 290 F.3d 1175, 1197 (9th Cir.2002) (citing Graham v. Connor, 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)) (holding use of force is

3

reasonable after careful balancing of the nature and quality of the intrusion on the individual's constitutional interests against the countervailing government interests at stake); see also Andrews v. Neer, 253 F.3d 1052, 1060–61 (8th Cir.2001) (citing Johnson-El v. Schoemehl, 878 F.2d 1043, 1048 (8th Cir.1989)) (applying objective reasonableness standard in context of civil detainees and finding use of force must be necessarily incident to administrative interests in safety, security, and efficiency).

Here, Plaintiff alleges that Defendant Koll physically assaulted him by grabbing his hand and forcing it onto the bed, and by then placing his body against Plaintiff's.  Plaintiff states he reacted defensively by moving his arm in a circular motion while holding a TV remote.  He states Defendant Petterson then grabbed at Plaintiff's feet but Plaintiff kicked out at him and hit Petterson in the scrotal area.  Defendant Koll then continued to twist Plaintiff's arm while Petterson placed him in a chokehold applying pressure to his neck until he released the remote control.

These allegations are insufficient to state a claim against Defendants Koll and Petterson for violation of due process.  The Ninth Circuit has held that "egregious government conduct in the form of excessive and brutal use of physical force constitutes a violation of substantive due process" cognizable under section 1983.  Smith v. City of Fontana, 818 F.2d 1411, 1417 (9th Cir. 1987); see also Gaut v. Sunn, 810 F.2d 923, 924 (9th Cir.1987) (per curiam) ("[p]rison beatings which 'shock the conscience' are actionable under section 1983").  "[R]esolving a substantive due process claim requires courts to balance several factors focusing on the reasonableness of the officers' actions given the circumstances." Smith, 818 F.2d at 1417. These factors are (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline.  Id.; see also Gaut, 810 F.2d at 924 (listing these same factors).  Here, Plaintiff does not state that he suffered any injury as a result of Defendants' actions.  Certainly, he has made no showing sufficient to establish that the use of force against him was "excessive" or "brutal." White v. Roper, 901 F.2d 1501, 1507 (9th Cir. 1990).

In addition, the Supreme Court has stated that analysis of whether the use of force was objectively reasonable requires "careful attention to the facts and circumstances in each particular

case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396; see also Tennessee v. Garner, 471 U.S. 1, 8–9, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985) (whether seizure is reasonable under the Fourth Amendment is judged by the "totality of the circumstances"). Here, Plaintiff admits to actively resisting Defendants by swinging his TV remote and by kicking Defendant Petterson in the groin.

In sum, Plaintiff's allegations do not demonstrate that Defendants' actions were objectively unreasonable. Defendants' use of force does not appear to be anything more than incident to the search. Therefore, Plaintiff fails to state a claim against Defendants Koll and Petterson.

2.      Coalinga State Hospital

With respect Plaintiff's claim against Coalinga State Hospital, a local government unit may not be held responsible for the acts of its employees under *respondeat superior*. Monell v. Department of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978); Ewing, 588 F.3d at 1235; Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Monell, 436 U.S. at 694; Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson, 290 F.3d at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

Plaintiff's complaint is devoid of any specific facts linking Coalinga State Hospital to a violation of his due process rights. As noted above, Coalinga State Hospital may not be held liable

absent any showing that its actions or omissions led to the constitutional violations by its employees.

    3.    <u>Unreasonable Search</u>

The Fourth Amendment prohibits only unreasonable searches. <u>Bell v. Wolfish</u>, 441 U.S. 520, 558, 99 S.Ct. 1861 (1979); <u>Byrd v. Maricopa Cnty. Sheriff's Dep't</u>, 629 F.3d 1135, 1140 (9th Cir. 2011), *cert. denied*, 131 S.Ct. 2964 (2011); <u>Michenfelder v. Sumner</u>, 860 F.2d 328, 332 (9th Cir. 1988). The reasonableness of the search is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights the search entails. <u>Bell</u>, 441 U.S. at 558-59 (quotations omitted); <u>Byrd</u>, 629 F.3d at 1141; <u>Bull v. City and Cnty. of San Francisco</u>, 595 F.3d 964, 974-75 (9th Cir. 2010); <u>Nunez v. Duncan</u>, 591 F.3d 1217, 1227 (9th Cir. 2010); <u>Michenfelder</u>, 860 F.2d at 332-34. Factors that must be evaluated are the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. <u>Bell</u>, 441 U.S. at 559 (quotations omitted); <u>Byrd</u>, 629 F.3d at 1141; <u>Bull</u>, 595 F.3d at 972; <u>Nunez</u>, 591 F.3d at 1227; <u>Michenfelder</u>, 860 F.2d at 332.

Plaintiff takes issue with the unannounced intrusion into his room and private bed area. However, there are no facts supporting a claim that Plaintiff was subjected to an unreasonable search by Defendants. A bare assertion that Plaintiff's room and bed area were entered does not support a claim, as Plaintiff is not entitled to be entirely free from institutional searches. <u>Bell</u>, 441 U.S. at 558; <u>see also</u> <u>Seaton v. Mayberg</u>, 610 F.3d 530, 535-36 (9th Cir. 2010) (civil detainee awaiting commitment proceedings was not a free person with full civil rights).

**D.**    **<u>CONCLUSION AND ORDER</u>**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. In an abundance of caution, the Court will provide Plaintiff with an opportunity to file an amended complaint. <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1212-13 (9th Cir. 2012); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, <u>Iqbal</u>, 556 U.S. at 676-77; <u>Starr v. Baca</u>, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101

(2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:  **November 20, 2015**          /s/ *Dennis L. Beck*
                                    UNITED STATES MAGISTRATE JUDGE