# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN E. YARTZ,<br><br>                    Plaintiff,<br><br>          v.<br><br>COALINGA STATE HOSPITAL,<br>et al.,<br><br>                    Defendants. | 1:15-cv-00006-GSA-PC<br><br>**ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 11.)**<br><br>**ORDER FOR CLERK TO CLOSE CASE** |

## I.      BACKGROUND

Norman E. Yartz ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on January 5, 2015.  (ECF No. 1.)

On March 19, 2015, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (ECF No. 8.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On November 20, 2015, the Court dismissed the Complaint for failure to state a claim, with leave to amend.  (ECF No. 10.)  On December 28, 2015, Plaintiff filed the First Amended Complaint, which is now before the Court for screening.

## II.     SCREENING REQUIREMENT

The in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  A

complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## III.    SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is civilly detained under the Sexually Violent Predator Act, in the custody of the California Department of State Hospitals (CDSH), at Coalinga State Hospital (CSH) in Coalinga, California, where the events at issue in the First Amended Complaint allegedly occurred.  Plaintiff names as defendants Coalinga State Hospital and Psych Techs Luke Knoll, James Petterson, and R. Casper.  Plaintiff's allegations follow.

Defendant Knoll searched Plaintiff's room and did not like Plaintiff deleting what he was watching.  He assaulted Plaintiff by trying to take the remote control out of Plaintiff's hand.  Plaintiff attempted to strike him in the jaw.  Defendant Petterson put Plaintiff in a choke hold.

On December 5, 2015, "[t]his Psych Tech" used mental abuse.  (First Amended Complaint, ECF No. 11 at 4.)  Many times in the past, Plaintiff asked this man not to talk to him at all, due to the fact that Plaintiff does not like him.  He has talked about Plaintiff's federal

1    case against staff members at Coalinga State Hospital.  Plaintiff told this staff member "if he
2    keeps abusing his power here that I was going to hurt him real good."  (Id.)

3            Plaintiff requests monetary damages.

4    **IV.    PLAINTIFF'S CLAIMS**

5            The Civil Rights Act under which this action was filed provides:

6            Every person who, under color of any statute, ordinance, regulation, custom, or
             usage, of any State or Territory or the District of Columbia, subjects, or causes
7            to be subjected, any citizen of the United States or other person within the
             jurisdiction thereof to the deprivation of any rights, privileges, or immunities
8            secured by the Constitution and laws, shall be liable to the party injured in an
             action at law, suit in equity, or other proper proceeding for redress . . . .

9
10   42 U.S.C. § 1983

11           To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted
12   under color of state law and (2) the defendant deprived him of rights secured by the
13   Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir.
14   2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing
15   "under color of state law").   A person deprives another of a constitutional right, "within the
16   meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or
17   omits to perform an act which he is legally required to do that causes the deprivation of which
18   complaint is made.'"  Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th
19   Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).   "The requisite
20   causal connection may be established when an official sets in motion a 'series of acts by others
21   which the actor knows or reasonably should know would cause others to inflict' constitutional
22   harms."  Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of
23   causation "closely resembles the standard 'foreseeability' formulation of proximate cause."
24   Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City
25   of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

26           **A.      Excessive Force – Fourteenth and Fourth Amendments**

27           It is the Due Process Clause of the Fourteenth Amendment that protects civil detainees
28   from the use of excessive force which amounts to punishment.  Gibson v. County of Washoe,

Nev., 290 F.3d 1175, 1197 (9th Cir. 2002) (citing Graham v. Connor, 490 U.S. 386, 395 n.10 (1989)); See Seling v. Young, 531 U.S. 250, 265, 121 S.Ct. 727, 148 L.Ed.2d 734 (2001) ("[D]ue process requires that the conditions and duration of confinement under the [civil confinement act] bear some reasonable relation to the purpose for which persons are committed."); Jones v. Blanas, 393 F.3d 918, 933 (9th Cir. 2004) ("Civil status means civil status, with all the Fourteenth Amendment rights that accompany it."). A civil detainee is entitled to "more considerate treatment" than his criminally detained counterparts. Jones, 393 F.3d at 932 (quoting Youngberg v. Romeo, 457 U.S. 307, 321-22, 102 S.Ct. 2452 (1982)).

In resolving claims of excessive force brought by civil detainees, the Fourth Amendment's objective reasonableness standard applies. Lolli v. County of Orange, 351 F.3d 410, 415 (9th Cir. 2003.) The inquiry is whether Defendants' actions were objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. Id. (citing Graham, 490 U.S. at 397) (quotation marks omitted). The nature and quality of the intrusion on Plaintiff's Fourth Amendment interests must be balanced against the countervailing governmental interests at stake. Id. (citing Graham, 490 U.S. at 397) (quotation marks omitted); see also Andrews v. Neer, 253 F.3d 1052, 1060–61 (8th Cir. 2001) (citing Johnson-El v. Schoemehl, 878 F.2d 1043, 1048 (8th Cir.1989)) (applying objective reasonableness standard in context of civil detainees and finding use of force must be necessarily incident to administrative interests in safety, security, and efficiency). Factors may include the severity of the incident giving rise to the use of force, whether Plaintiff posed an immediate threat to the safety of Defendants or others, and whether Plaintiff was actively attempting to avoid being subdued or brought under control. See Gibson, 290 F.3d at 1198 (citation omitted).

Here, Plaintiff alleges that Defendant Knoll searched Plaintiff's room and did not like Plaintiff deleting what he was watching. He tried to take the remote control out of Plaintiff's hand. Plaintiff attempted to strike him in the jaw. Defendant Petterson put Plaintiff in a choke hold. These allegations are insufficient to state a claim against Defendants Knoll and Petterson for violation of due process in the use of force against Plaintiff. The Ninth Circuit has held that

"egregious government conduct in the form of excessive and brutal use of physical force constitutes a violation of substantive due process" cognizable under section 1983. Smith v. City of Fontana, 818 F.2d 1411, 1417 (9th Cir. 1987); see also Gaut v. Sunn, 810 F.2d 923, 924 (9th Cir. 1987) (per curiam) ("[p]rison beatings which 'shock the conscience' are actionable under section 1983"). "[R]esolving a substantive due process claim requires courts to balance several factors focusing on the reasonableness of the officers' actions given the circumstances." Smith, 818 F.2d at 1417. These factors are (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline. Id.; see also Gaut, 810 F.2d at 924 (listing these same factors). Here, Plaintiff does not state that he suffered any injury as a result of Defendants' actions. Certainly, he has made no showing sufficient to establish that the use of force against him was "excessive" or "brutal." White v. Roper, 901 F.2d 1501, 1507 (9th Cir. 1990).

In addition, the Supreme Court has stated that analysis of whether the use of force was objectively reasonable requires "careful attention to the facts and circumstances in each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396; see also Tennessee v. Garner, 471 U.S. 1, 8–9, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985) (whether seizure is reasonable under the Fourth Amendment is judged by the "totality of the circumstances"). Here, Plaintiff admits to actively resisting Defendant Knoll by attempting to strike him in the jaw.

In sum, Plaintiff's allegations do not demonstrate that Defendants' actions were objectively unreasonable. Defendants' use of force does not appear to be anything more than incident to the search. Therefore, Plaintiff fails to state a claim against Defendants Knoll and Petterson for use of excessive force.

**B.    Coalinga State Hospital**

With respect Plaintiff's claim against Coalinga State Hospital, a local government unit may not be held responsible for the acts of its employees under *respondeat superior*. Monell v.

Department of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978); Ewing v. City of Stockton, 588 F.3d 1218, 1235; Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson, 290 F.3d at 1185).  Rather, a local government unit may only be held liable if it inflicts the injury complained of.   Monell, 436 U.S. at 694; Gibson, 290 F.3d at 1185.  Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered."  Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989).  Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson, 290 F.3d at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation."   Id.  Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

Plaintiff's complaint is devoid of any specific facts linking Coalinga State Hospital to a violation of his due process rights. As noted above, Coalinga State Hospital may not be held liable absent any showing that its actions or omissions led to the constitutional violations by its employees.

**C.     Defendant R. Casper -- Linkage**

In the First Amended Complaint, Plaintiff does not link Defendant R. Casper to any conduct violating Plaintiff's rights.  Defendant Casper, Psych Tech at Coalinga State Hospital, is listed as a defendant in the First Amended Complaint, but Plaintiff has not made any allegations against him/her.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell, 436 U.S. 658; Rizzo v. Goode, 423 U.S. 362 (1976).  As discussed above, "[a] person deprives another of a constitutional right, where that person 'does an affirmative act,

participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" <u>Preschooler II</u>, 479 F.3d at 1183 (quoting <u>Johnson</u>, 588 F.2d at 743). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" <u>Johnson</u> 588 F.2d at 743-44.

In the First Amended Complaint, Plaintiff does not allege any facts whatsoever concerning defendant Casper. In short, Plaintiff does not allege any facts giving rise to any cognizable claim for relief under section 1983 against defendant Casper.

**D.    Mental Abuse**

Plaintiff alleges that on December 5, 2015, one of the Psych Techs used mental abuse and, many times in the past, talked about Plaintiff's federal case against staff members at Coalinga State Hospital. Plaintiff alleges that he told this staff member "if he keeps abusing his power here that I was going to hurt him real good." (ECF No. 11 at 4.)

These allegations are not sufficient to state a claim against any of the Defendants. Plaintiff has not identified which Psych Tech he refers to, or used specific language to explain what the Psych Tech did that amounted to mental abuse or how Plaintiff's rights were violated when the Psych Tech discussed Plaintiff's case or abused his power. Therefore, Plaintiff fails to state a claim against any of the Defendants for subjecting Plaintiff to mental abuse.

**E.    Assault – State Tort**

Plaintiff alleges that he was assaulted, which is a violation of state tort law. Plaintiff is informed that violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. Section 1983 does not provide a cause of action for violations of state law. <u>See</u> <u>Galen</u>, 477 F.3d at 662. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. <u>See</u> <u>Paul v. Davis</u>, 424 U.S. 693 (1976); <u>also</u> <u>see</u> <u>Buckley v. City of Redding</u>, 66 F.3d 188, 190 (9th Cir. 1995); <u>Gonzaga University v. Doe</u>, 536 U.S. 273, 279 (2002). Although the court

///

7

may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law.  See 28 U.S.C. § 1367.

In this instance, the Court fails to find any cognizable federal claims in the First Amended Complaint.  Therefore, Plaintiff's state law claims fail.

**V.   CONCLUSION AND ORDER**

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claim upon which relief may be granted under § 1983.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires."  However, for the reasons discussed above, it does not appear that additional facts would cure the deficiencies in Plaintiff's claims.  The Court provided Plaintiff with ample guidance for curing the deficiencies in his original Complaint, and Plaintiff has now filed two complaints without stating any claims upon which relief may be granted.  Therefore, this case shall be dismissed, with prejudice, for failure to state a claim.

Based on the foregoing, it is **HEREBY ORDERED** that:

1.     This case is DISMISSED with prejudice for failure to state a claim upon which relief may be granted under § 1983; and

2.     The Clerk is directed to close this case.


IT IS SO ORDERED.

Dated:   **November 12, 2016**                    **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE